# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMUEL LEE VEST,<br><br>              Plaintiff,<br><br>     v.<br><br>DOUGLAS BURGUM,<br><br>              Defendant.[1] | Case No. 3:24-cv-00251-SLG |

## ORDER RE EXHAUSTION OF ADMINISTRATIVE REMEDIES, STATUTES OF LIMITATIONS, AND SERVICE OF PROCESS

On November 18, 2024, self-represented litigant Samuel Lee Vest ("Plaintiff") filed a complaint, a civil cover sheet, and a motion for court-appointed counsel.[2] Plaintiff paid the filing fee.[3] On February 3, 2025, Plaintiff came to the Court and was issued three summons forms.[4] Plaintiff names Deb Haaland in her official capacity as the (former) Secretary of Interior in this employment discrimination case. Plaintiff claims that on or about "Sep[tember] – February & March 2018," "Superintendent Lukin, Maya, failed to adhere to federal regulation(s) thus discriminating against a protected class" in violation of Plaintiff's civil rights,

---

[1] Since commencement of this suit, Douglas Burgum replaced Deb Haaland as Secretary of the Interior. Accordingly, the Court substitutes Secretary Burgum as the named Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Dockets 1–3.

[3] Receipt #100021701.

[4] Docket 4.

the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), eviction property regulation(s), law, and best management practices.[5] It appears that Plaintiff was an employee of the Department of Interior, as he seeks reinstatement of employment "with backpay and benefits," among other relief.[6]

While both the failure to exhaust administrative remedies and the statute of limitations are affirmative defenses that must generally be raised by a defendant, a federal court may dismiss on either of these grounds if the defense is clearly indicated and appears on the face of the pleading. The Complaint does not allege that Plaintiff filed this action within ninety days of receiving a "right to sue letter" or if he even filed a claim with the Equal Employment Opportunity Commission ("EEOC"). Additionally, it is unclear whether the alleged events giving rise to Plaintiff's claims occurred from September 2017 through March 2018 or from September 2018 through March 2019.[7] Regardless, because Plaintiff did not file this case until November 2024, even assuming the alleged events occurred during the later period, his claims appear to be time-barred by the relevant statutes of limitations.

In the interests of fundamental fairness, the Court will not dismiss this case as time barred at this time. However, Plaintiff must be prepared to address the

---

[5] Docket 1 at 5.

[6] Docket 1 at 5.

[7] *See* Docket 1 at 4 (alleging claims occurred between "Sep-Feb & Mar 2018").

Case No. 3:24-cv-00251-SLG
Order re Exhaustion of Administrative Remedies, Statutes of Limitations, and Service of Process
Page 2 of 9
Case 3:24-cv-00251-SLG    Document 5    Filed 02/04/25    Page 2 of 9

statutes of limitations and administrative exhaustion either in an amended complaint or in future briefing. In the alternative, Plaintiff may file a Notice of Voluntary Dismissal, in which Plaintiff elects to close and end the case.

Given that Plaintiff has not yet filed proof of service with the Court, he still has an opportunity to file an amended complaint that attempts to correct the deficiencies identified in this order. Should Plaintiff choose to file an amended complaint, it must comply with the Federal Rules of Civil Procedure, the District of Alaska Local Civil Rules, and all Court orders, including the information provided below.

If Plaintiff elects to proceed with this case, he must ensure that service of process on Defendant is completed no later than **ninety (90) days from the date of this order**.[8] This means that within 90 days of the date of this order, Plaintiff must serve the Complaint (or an amended complaint) and Court-issued Summons on Defendant in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure, and file proof that such service has been completed with the Court.

### I. Legal Requirement for Filing Employment Discrimination Claims

Individuals alleging employment discrimination must first file their claims with the EEOC before they can file a lawsuit in federal court. This requirement applies to claims under Title VII of the Civil Rights Act of 1964, the Americans with

---

[8] *See* Fed. R. Civ. P. 4(m).

Case No. 3:24-cv-00251-SLG
Order re Exhaustion of Administrative Remedies, Statutes of Limitations, and Service of Process
Page 3 of 9
Case 3:24-cv-00251-SLG    Document 5    Filed 02/04/25    Page 3 of 9

Disabilities Act ("ADA"), and other federal anti-discrimination statutes.[9] The purpose of this requirement is to allow the EEOC the opportunity to investigate the claim and attempt to resolve the matter.

Claims must be filed with the EEOC within 180 days from the date of the alleged discriminatory act.[10] After an investigation, the EEOC will issue a determination. If the EEOC finds reasonable cause to believe discrimination occurred, it will attempt to resolve the matter. If the EEOC finds no reasonable cause, it will issue a "Dismissal and Notice of Rights" letter, commonly known as a "right-to-sue" letter. A plaintiff has 90 days from the date of a right-to-sue letter to file a complaint in federal court seeking redress for the violations alleged in the EEOC complaint.[11]

If a Plaintiff has not exhausted his EEOC remedies, or timely filed his complaint in federal court after receipt of a right-to-sue letter, then dismissal of the case is proper, even when a plaintiff is self-represented.

---

[9] *See Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim."). *See also* 42 U.S.C. § 12117 (extending Title VII exhaustion requirement to ADA).

[10] 42 U.S.C. 2000e-5(e)(1); *Scott v. Gino Morena Enters., LLC,* 888 F.3d 1101, 1106 (9th Cir. 2018).

[11] *Cf. Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1174 (9th Cir. 1986) ("[T]hese cases firmly establish that the 90-day filing period is a statute of limitations...").

Case No. 3:24-cv-00251-SLG
Order re Exhaustion of Administrative Remedies, Statutes of Limitations, and Service of Process
Page 4 of 9
Case 3:24-cv-00251-SLG   Document 5   Filed 02/04/25   Page 4 of 9

The FMLA requires an employee to file any claims "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought."[12] Here again, if a claim is not filed within the applicable statute of limitations, dismissal is proper, even if a plaintiff is self-represented.

## II. Filing an Amended Complaint

Federal Rule of Civil Procedure 15(a) governs the process for amending pleadings. A plaintiff may amend a complaint in four circumstances: (1) within 21 days after serving the complaint; (2) within 21 days after the opposing party has filed an answer to the complaint or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f); (3) with the opposing party's consent; or (4) with the Court's permission.[13] An amended complaint replaces the prior complaint in its entirety.[14] Any claim not included in the amended complaint will be considered waived. An amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[15] Additionally, an amended complaint need not and should not contain legal research or analysis; and a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage, although Plaintiff may attach relevant EEOC documents such as a "right-to-sue" letter.

---

[12] 29 U.S.C § 2617(c).

[13] Fed. R. Civ. P. 15(a).

[14] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[15] Fed. R. Civ. P. 8(a)(2).

Case No. 3:24-cv-00251-SLG
Order re Exhaustion of Administrative Remedies, Statutes of Limitations, and Service of Process
Page 5 of 9
Case 3:24-cv-00251-SLG    Document 5    Filed 02/04/25    Page 5 of 9

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and with no paragraph number being repeated anywhere in the complaint.[16] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." An amended complaint shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which the plaintiff lacks a sufficient legal or factual basis.

### III. Plaintiff's motion for court appointed counsel is DENIED

A litigant has no right to an appointed attorney in a federal civil action.[17] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an

---

[16] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[17] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

Case No. 3:24-cv-00251-SLG
Order re Exhaustion of Administrative Remedies, Statutes of Limitations, and Service of Process
Page 6 of 9
Case 3:24-cv-00251-SLG     Document 5     Filed 02/04/25     Page 6 of 9

attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[18] Further, although Section 1915(e)(1) permits a court to request an attorney represent any person unable to afford counsel, the Court cannot force an attorney to accept a case. The Court can only appoint an attorney who volunteers to represent a litigant.

The Court finds that on the current record, Plaintiff has not demonstrated a likelihood of success on the merits. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 3 is DENIED without prejudice.

**IT IS THEREFORE ORDERED:**

1. The Clerk shall substitute Douglas Burgman in his official capacity as the named Defendant and update the case caption accordingly. All future filings should use the amended caption as set forth above.

---

[18] *Palmer,* 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

Case No. 3:24-cv-00251-SLG
Order re Exhaustion of Administrative Remedies, Statutes of Limitations, and Service of Process
Page 7 of 9
Case 3:24-cv-00251-SLG   Document 5   Filed 02/04/25   Page 7 of 9

2. Plaintiff's motion for court-appointed counsel at **Docket 3 is DENIED without prejudice.**

3. If Plaintiff elects to proceed with this case, Plaintiff shall ensure that the summons and complaint are served on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure no later than **ninety (90) days** from the date of this order.

4. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal, in which event this case will be closed.

5. If Plaintiff elects to proceed with this case, Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska Local Civil Rules, and all Court orders.[19] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[19] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00251-SLG
Order re Exhaustion of Administrative Remedies, Statutes of Limitations, and Service of Process
Page 8 of 9
Case 3:24-cv-00251-SLG   Document 5   Filed 02/04/25   Page 8 of 9

and its effective date.[20] The Notice shall not include requests for any other relief. If Plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice to Plaintiff.

8.  All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to a case. A plaintiff may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

9.  The Clerk is directed to send: (1) U.S. Courts form ProSe7, Complaint for Employment Discrimination[21] (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT" with this order.

DATED this 4th day of February, 2025 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[20] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[21] *Complaint for Employment Discrimination,* United States Courts, *available at* https://www.uscourts.gov/forms-rules/forms/complaint-employment-discrimination.

Case No. 3:24-cv-00251-SLG
Order re Exhaustion of Administrative Remedies, Statutes of Limitations, and Service of Process
Page 9 of 9
Case 3:24-cv-00251-SLG     Document 5     Filed 02/04/25     Page 9 of 9